```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/29/14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                    :
LAWRENCE RAGUSA and                  :
MARY LUISI-RAGUSA,                  :
                                                    :            1:14-cv-3772-GHW
                                  Plaintiff(s),  :
                                                      :          MEMORANDUM OPINION
                   -v -                      :                  &amp; ORDER
                                                      :
RAIN BIRD CORPORATION,        :
HERTZ VEHICLES LLC, and       :
JOHN EDWARD PENCE              :
                                                     :
                             Defendant(s).   :
                                                     :
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

       This case was originally filed on April 30, 2014 in the Supreme Court of the State of New York, Bronx County against defendants Rain Bird Corporation ("Rain Bird"), Hertz Vehicles LLC ("Hertz"), and John Edward Pence ("Pence"). On May 28, 2014, defendant Rain Bird removed the case to federal court pursuant to 28 U.S.C. §§ 1141 and 1446, Federal Rule of Civil Procedure 81(c), and Local Rule 81.1. On June 20, 2014, the remaining defendants, Hertz and Pence, filed a consent to the removal of this action in federal court. Plaintiffs move to remand this action to state court on the grounds that not all defendants consented to removal at the time that Rain Bird removed the action to federal court, and on the grounds that complete diversity is lacking. Because the other defendants had not been served at the time that Rain Bird removed this action, the Court holds that the rule of unanimity does not block Rain Bird's removal action.

**I.     Rule of Unanimity**

       Plaintiffs argue that this case should be remanded because defendant Rain Bird failed to comply with the so-called unanimity rule, which provides that "all defendants who have been

properly joined or served must join in or consent to the removal of the action." 28 U.S.C. 1446(b)(2)(a).

Plaintiffs are correct that unanimous consent is a necessary condition for any removal action, and that statutory removal authority is strictly construed. *See Ell v. S.E.T. Landscape Design, Inc.*, 34 F. Supp. 2d 188, 193 (S.D.N.Y. 1999) (". . . there is widespread agreement among the district courts, including those in the Second Circuit, that 'all named [defendants'] over whom the state court acquired jurisdiction must join in the removal petition for removal to be proper.'") (citations omitted); *Kleinman v. Ozdemir*, No. 13 Civ. 7530, 2014 WL 1327979, at *2 (S.D.N.Y. Apr. 2, 2014) ("This rule is strictly enforced based upon the limited jurisdiction of federal courts and respect for the independence of state courts.") (citations omitted).

However, it is also well-established that an "exception" to the unanimity rule exists where "the non-joining defendants have not been served with service of process at the time the removal petition is filed." *Ell*, 34 F. Supp. at 194. *See also Barnes v. Cathers & Dembrosky*, No. 02 Civ. 5296, 2003 WL 22928640, at *2 (S.D.N.Y. Dec. 10, 2003) ("One exception to the unanimity rule is that a defendant who has not yet been served is not required to join in the notice of removal."); *James v. Gardner*, No. 04 Civ. 1380, 2004 WL 2624004, at *3 (E.D.N.Y. Nov. 10, 2004) ("it is well-settled that 'a defendant who has not yet been served is not required to join in the notice of removal.'") (citation omitted).

Here, defendant Rain Bird was served on May 12, 2014. O'Halloran Decl. ¶ 6. Rain Bird executed its notice of removal on May 27, 2014, and filed its removal notice on May 28, 2014. Notice of Removal (Dkt. 2). Hertz was served on the same day that Rain Bird filed its notice of removal. According to the Affidavit of Service filed by plaintiffs, Hertz received the subpoena at 1:51 p.m that day. *See* O'Halloran Decl. Exh. B. The Court does not have evidence of the time of day at which the notice of removal was filed. Therefore, the record is not clear as to whether or not

Hertz had received service by the precise time at which the removal action was filed. However, given that there is no evidence that Rain Bird had any knowledge of the fact that Hertz had been filed at the time that Rain Bird removed the case--and, thus, that Hertz's consent for removal was required--the Court resolves this factual ambiguity in favor of the removing party. The Court is influenced by the fact that the Notice of Removal was dated May 27, 2014, the day before Hertz was served. No ambiguity exists with respect to defendant Pence; he was not served until June 2, 2014. Since the Court believes that defendants Hertz and Pence had not yet been served at the time that the notice of removal was filed, they were not required to join in the notice of removal. *See Barnes*, 2003 WL 22928640, at *2 ("Here, the notice of removal was filed on July 11, 2002. As of that date, defendant Ofshe had not been properly served. Plaintiffs attempted to cure this defect by having defendant Ofshe sign an acknowledgment which is dated July 22, 2002, accepting service as of July 11, 2002. However, the backdating was done 16 days after the notice of removal and therefore, defendant Ofshe had *not* been served at the time of removal and therefore his absence is an exception to the unanimity rule . . ."); *Gardner*, 2004 WL 2624004 at *3 ("But merely attempting service on defendant Gardner is not sufficient. Under the circumstances, service is defective, and neither this court nor the state court has acquired jurisdiction over defendant Gardner. Consequently, the rule of unanimity requirement will not block defendant Team Fleet's removal action to federal court."). Accordingly, the unanimity requirement does not bar Rain Bird's removal of this action to federal court.

II.     **Complete Diversity**

Plaintiffs also argue that defendant Rain Bird has failed to prove complete diversity, which a removing party must show. O'Halloran Decl. ¶ 17. For diversity purposes, a limited liability company obtains citizenship from each of its members. *Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). Rain Bird failed to specify the members

of defendant Hertz Vehicles, LLC in its removal action.  Dkt. 2.  On June 5, 2014, this Court issued an order to Rain Bird to identify the members of defendant Hertz.  Dkt. 4.  On July 11, 2014, at a conference before the Court, the Court again directed Hertz to provide information regarding its members in order to establish complete diversity.  On July 15, 2014, counsel for defendants Hertz and Pence submitted a letter to the Court stating that Hertz Vehicles, LLC is an indirect wholly owned subsidiary of The Hertz Corporation, which is incorporated in the State of Delaware and has its principal place of business in the State of New Jersey; that Hertz Vehicles, LLC is an indirect, wholly-owned subsidiary Hertz Vehicle Finance, LLC and Hertz General Investment, LLC, both of which are incorporated in the State of Delaware with their principal places of business in the State of New Jersey; and that "[t]here are no individuals or other business entities that own or are members of the above entities."  Dkt. 26.  Accordingly, the defendants have asserted that all plaintiffs (residents of the States of Oregon and Ohio) are of different citizenship from all defendants (residents of the States of New York, California, Delaware, and New Jersey, variously).  Thus, there is complete diversity among the parties, sufficient to vest this Court with jurisdiction.

### III. Conclusion

For the foregoing reasons, plaintiffs' motion to remand is denied.  The Clerk of Court is directed to terminate the motion pending at docket number 17.

SO ORDERED.

Dated:  August 29, 2014  
New York, New York

GREGORY H. WOODS  
United States District Judge